UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARIO RODRIGUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>ADAM ENDEL, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:16-cv-00143-MMD-CLB<br><br>ORDER |

*Pro Se* Plaintiff Dario Rodriguez, an inmate in the custody of the Nevada Department of Corrections ("NDOC") who is currently housed at the Columbia Correction Institution in Lake City, Florida brings this action under 42 U.S.C. § 1983 for events that occurred at Ely State Prison ("ESP"). (ECF No. 27.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 114) recommending that the Court grant Defendants' motion for summary judgment ("Motion") (ECF No. 101). Plaintiff had until May 27, 2020, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and grants the Motion.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); see also *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the

magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Nevertheless, the Court conducts *de novo* review to determine whether to accept the R&R. Judge Baldwin found that Plaintiff failed to provide any evidence that he was placed in disciplinary segregation because of false allegations. (ECF No. 114 at 8.) Judge Baldwin determined that Plaintiff did not provide any evidence showing that his term in disciplinary segregation was an atypical and significant hardship. (*Id.*) Judge Baldwin also found that Plaintiff's excessive force claim is unexhausted because he never filed a first or second level grievance, and he failed to produce evidence that ESP's administrative remedies were unavailable to him. (*Id.* at 11-12.) Because Plaintiff failed to provide evidence supporting his Eighth and Fourteenth Amendment claims, Judge Baldwin found no genuine issue of material fact exists regarding Plaintiff's claims. (*Id.* at 8, 12.) For these reasons, Judge Baldwin recommends that Defendants' Motion be granted. (*Id.* at 13.) Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt Judge Baldwin's recommendation in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 114) is adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 101) is granted.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 1st day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE